# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:

**OLGA VEITIA,**
    **Plaintiff,**

vs.

**SOUTH DADE OPCO, LLC,**
    **Defendant.**
_____/

## COMPLAINT

The Plaintiff, OLGA VEITIA (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, SOUTH DADE OPCO, LLC (hereafter "Defendant" or "BARC"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to Title VII and the American with Disabilities Act to readdress injuries resulting from Defendant's race, national origin, and disability based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff was an employee of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA and title VII, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA and Title VII.

4. At all times material hereto, Plaintiff was an "employee" within the meaning the ADA and Title VII

5. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

6. Plaintiff is and continues to be, a resident of Miami Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a Black Cuban female within a class of individuals protected by the ADA and Title VII, and Plaintiff's race and national origin was known to all those who discriminated against her.

10. Plaintiff commenced employment with Defendant at SOUTH DADE OPCO, LLC on or about 2000 to on or about February 8, 2021.

11. Within a year before her termination, Plaintiff observed Ms. Clory Urbina, Plaintiff's supervisor (white peruvian), make comments such as "I am tired of this Nigger", "I am tired of Cubans.", and "If I could, I would get rid of all of them"

12. Plaintiff believes this harassment was due to her race and national origin.

13. Ms. Urbina created and encouraged a hostile work environment around her that eventually ended in Plaintiff's termination.

14. In November of 2020, Plaintiff was at work, and she had to go to the ER due to severe pain in her stomach. When she was at the hospital, she received a text message from Gregg Merrill, the supplier, letting her know that he had not received the next day's food order.

15. Plaintiff immediately sent a message to Mrs. Urbina, reminding her about the order, which Plaintiff had already done it. Plaintiff also called her many times, but she did not receive any answer.

16. Then, Plaintiff decided to send a message to Mr. Merrill, asking him to contact Ms. Urbina directly because Plaintiff was at the hospital. In short, Ms. Urbina never sent the order.

17. When Plaintiff returned to work, Plaintiff was written up for not advising Mrs. Urbina and because she did not send the food order for the next day, eventhough she had been hospitalized and had informed her supervisor.

18. Additionally, on January 12, 2021, Plaintiff tested positive for COVID-19.

19. After a week, Plaintiff was hospitalized with pneumonia. For that reason, she was out of work for 28 days.

20. When she returned to work, Plaintiff was called to the manager's office because a food order had not been sent on time again.

21. Plaintiff told the manager that she was sick recovering from COVID, that she did not know what happened.

22. He said to Plaintiff that either way, he had to let Plaintiff go because she was causing so much trouble in the kitchen.

23. When Plaintiff asked him what kind of trouble, he replied that they had found expired products in the emergency storage room.

24. Plaintiff was shocked because defendant was using that as a pretext for termination as Plaintiff had reported to him weeks ago, precisely on January 7, 2021, that there was expired food and defendant did not do anything about it then.

25. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on May 17, 2022

## COUNT I
### *Race Discrimination in Violation of the title VII (Wrongful Termination)*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff is a member of a protected class under the title VII.

28. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity and wrongfully terminated Plaintiff.

29. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

32. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

 F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

 G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *National Origin Discrimination in Violation of the Title VII (Wrongful Termination)*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

38. Plaintiff is a member of a protected class under the title VII.

39. By the conduct describe above, Defendant has engaged in discrimination through an adverse employment action against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity and wrongfully terminated Plaintiff.

40. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's wrongful termination and discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

I. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

J. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

K. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

L. Defendant, or in lieu of reinstatement, award front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

A. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Disability Discrimination in Violation of the ADA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

49. Plaintiff is a member of a protected class under the ADA.

50. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

51. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has

been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### *Failure to Accommodate in Violation of the ADA.*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

60. Plaintiff is a member of a protected class under the ADA.

61. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

62. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

63. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

65. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

68. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 8/2/22

Respectfully submitted,

/s/ Elvis J. Adan

Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000